# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

DAVID CHATMAN                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 5:09cv205-DCB-MTP

ADAMS COUNTY, *et al.*                                           DEFENDANTS

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT
## AND MOTION FOR SANCTIONS

THIS MATTER is before the court on the Plaintiff's Motion [31] for Default Judgment and Motion for Sanctions [30] against Defendants Chief Mike Mullins and Otis Mazigne. Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the court finds that the motions should be DENIED.

In his Motion [31] for Default Judgment, Plaintiff asks the court to enter a default judgment against Defendants Mullins and Mazigne, claiming they did not seek an extension to file their answer to the complaint until the day it was due, April 6, 2010. The docket reflects that the moving Defendants timely filed a Motion [23] for extension on April 6, 2010, and the court granted them an extension of time until April 27, 2010 to file their answer and defenses. The moving Defendants timely filed their Answer and Affirmative Defenses [25][26] on April 27, 2010. Accordingly, the entry of a default judgment is not appropriate under the circumstances of this case, as these Defendants have not "failed to plead or otherwise defend" in this action. *See* Fed. R. Civ. P. 55(a). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d

274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

In his Motion [30] for Sanctions, Plaintiff asks the court to sanction the moving Defendants based on the same facts alleged above. As set forth above, Defendants timely moved for an extension of time and timely filed an answer to Plaintiff's complaint. Thus, sanctions are not warranted in this matter. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion [31] for Default Judgment is DENIED.

2. That Plaintiff's Motion [30] for Sanctions is DENIED.

SO ORDERED this the 12th day of May, 2010.

s/ Michael T. Parker
United States Magistrate Judge